UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Conrad L. Slocumb, *a/k/a Conrad Lamont Slocumb*, <br><br>Plaintiff,<br><br>vs.<br><br>Dr. Beverly Wood, *M.D.*; Dr. Marcia Garcia, *P.A.*; Dr. NFN Parker, *M.D., Contract Physician*; Doctor NFN Prest, *M.D., Contract Physician*; Nurse NFN Mullins, *R.N., H.C.A.*; Nurse Roseyln Boatwright, *R.N.*; Nurse Roseanne Mack, *L.P.N.*, Ladford Fate, *H.S.C.*; Annie Rumler, *SCDC Staff Attorney*; Dr. NFN McRee, *M.D.*; Warden Tim Riley, *K.C.I.*; Wayne McCade, *Regional Director*; Michael McCall, *Deputy Director*; SCDC Director NFN Stirling; Sgt. NFN Watson, *KCI*; Sgt. NFN Gathers, *KCI*; A.W. NFN Thompson, *KCI*; Officer Spigner, *KCI Librarian*; Major Vaghn Jackson, *KCI*; NFN Marshal, *KCI Food Service Director*; John Doe, *Kirkland Maintenance Supervisor*; General Assembly; Dr. T. White, *KCI Dentist*; SIB Nurses; Nurse NFN Higgins, *Agency Nurse Director*,<br><br>Defendants. | C/A No.: 9:17-1298-BHH-BM<br><br>**REPORT AND RECOMMENDATION**<br>(partial summary dismissal) |

The Plaintiff, Conrad L. Slocumb, *a/k/a Conrad Lamont Slocumb*, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections. Plaintiff appears to assert constitutional claims concerning his treatment in prison including his medical care and conditions of confinement.

**Discussion**

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and



§ 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, Defendants General Assembly and SIB Nurses are subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

Defendants General Assembly and SIB Nurses are subject to summary dismissal because SIB Nurses appears to be a group of people employed in the medical department and General Assembly appears to be a group of legislators, and such groups of people are not amenable to suit under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001)[finding that the medical department of a prison is not a person pursuant to § 1983]; Brown v. Busch, No. 4:13–CV–71 RM, 2013 WL 6199570 (Nov. 26, 2013)[finding that the Indiana General Assembly, composed of the Senate and the House of Representatives, was the exclusive unit of the Legislative



2

branch of the State of Indiana and thus was not a "person" for purposes of § 1983]; Dalton v. South Carolina Dep't of Corr., C/A No. 8:09–260–CMC–BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009)[dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons]; Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D.Va. June 25, 2008) ["Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state a § 1983 claim."].*

Further, it is unclear what claims Plaintiff is alleging against Defendant General Assembly. However, to the extent General Assembly was acting within the sphere of legitimate legislative duties, it is "protected not only from the consequences of litigation's results but also from the burden of defending themselves." Dombrowski v. Eastland, 387 U.S. 82, 85 (1967).

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Defendants General Assembly and SIB Nurses, without prejudice and without issuance and service of process. The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

September 13, 2016
Charleston, South Carolina

---

*In the proper form order, it was noted that these Defendants might be subject to summary dismissal because they appeared to be groups of people that were not amenable to suit under § 1983. Plaintiff was further informed that if he intended to assert a claim against an individual or individuals that are a part of such group(s), he needed to file an amended complaint naming that person(s) and stating his claim(s) against such person(s). ECF No. 9. Plaintiff did not file an amended complaint.



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

