IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Conrad L. Slocumb, #197165, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 9:17-1298-SB |
| | ) | |
| Dr. Beverly Wood, Dr. Marcia Garcia, | ) | **ORDER** |
| Dr. NFN Parker, Dr. NFN Prest, Nurse | ) | |
| Roseanne Mack, Ladford Fate, Annie | ) | |
| Rumler, Dr. NFN McRee, Warden Tim | ) | |
| Riley, Wayne McCade, Michael McCall, | ) | |
| SCDC Director NFN Stirling, Sgt. NFN | ) | |
| Watson, Sgt. NFN Gathers, A. W. NFN | ) | |
| Thompson, Officer Spigner, Major | ) | |
| Vaghn Jackson, NFN Marshal, John | ) | |
| Doe, Dr. T. White, and Nurse NFN | ) | |
| Higgins, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Conrad L. Slocumb's pro se complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 7, 2018, Defendant White filed a motion for summary judgment, and on March 10, 2018, Defendants Boatwright, Fate, Garcia, Gathers, Higgins, Jackson, Marshal, McCade, McCall, McRee, Mullins, Riley, Rumler, Spigner, Stirling, Thompson, Watson, and Wood filed a motion for summary judgment. The Magistrate Judge issued *Roseboro* orders in response to Defendants' motions, advising Plaintiff of the dismissal and summary judgment procedures as well as the potential consequence if he failed to respond to

Defendants' motions. Notwithstanding the Magistrate Judge's warnings, Plaintiff failed to respond to Defendants' motions or to contact the Court in any way.

On May 1, 2018, the Magistrate Judge issued a report and recommendation ("Report") recommending that the Court dismiss this action for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). On May 14, 2018, the Magistrate Judge's Report was returned to the Court as undeliverable. After communication with defense counsel, the Court mailed a copy of the Report to a different address for Plaintiff (ECF No. 61); however, this copy was also returned as undeliberable.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **adopts the Report** (ECF No. 57), and it is

**ORDERED** that this action is dismissed with prejudice for lack of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

May 31, 2018
Charleston, South Carolina